**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

DAVID DELOCK ET AL.                                                        PLAINTIFFS

vs.                              Case No. 4-11-CV-520 DPM

SECURITAS SECURITY SERVICES USA, INC., and
SECURITAS SERVICES, INC.                                              DEFENDANTS

<u>**BRIEF IN SUPPORT OF**</u>
<u>**JOINT MOTION TO DISMISS WITH PREJUDICE, TO KEEP SETTLEMENT**</u>
<u>**AGREEMENTS UNDER SEAL, AND FOR APPROVAL OF THE SETTLEMENT**</u>

Plaintiffs David Delock, Alisha Meredith, Eric Motley, Stephen Carlson, Deborah

Goldhorn, Johnny Brown, Bobby Walker, Timothy Pierce, Brian Pease, Chris Wilson, Nichole

Ledford, Brian Hathaway, and Steve Bucker ("Plaintiffs") and Defendants Securitas Security

Services USA, Inc. and Securitas Services, Inc. (collectively "Securitas") (collectively "the

Parties") submit this Brief in support of their Joint Motion to Dismiss With Prejudice, To Keep

Settlement Agreements Under Seal, And For Approval Of The Settlement.

<u>**Court Approval of FLSA Settlement Agreements**</u>

The Plaintiffs' action and claims arise, in part, under the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.* ("FLSA").  Parties settling such claims have long believed that

court approval of the settlement is required because of the Eleventh Circuit's decision in *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  In that case, the

Eleventh Circuit said that "[t]here are only two ways in which back wage claims arising under

the FLSA can be settled or compromised by employees," either in a settlement supervised by the

Department of Labor or in a settlement reviewed and approved by a court in a private action for

back wages.  *Id.* at 1352.  Since then, in reliance on *Lynn's Food Stores*, parties have routinely

sought court approval of FLSA settlements.

Recently, however, the Fifth Circuit distinguished the Eleventh Circuit's decision in

*Lynn's Food Stores* and held it inapplicable to a case where the plaintiffs knew of their FLSA

rights and had legal counsel prior to signing the settlement agreement.

> In *Lynn's Food Stores*, the Eleventh Circuit, the only court of appeals that has
> ruled on this issue, held thirty years ago that FLSA claims may not be settled
> without the approval of the Department of Labor or the courts.  However, the
> dispute in *Lynn's Food Stores* had arisen as a result of a Department of Labor
> investigation and "the employees seemed unaware that the Department of Labor
> had determined that Lynn's owed them back wages under the FLSA, or that they
> had any rights at all under the statute.  There is no evidence that any of the
> employees consulted an attorney before signing the agreements.  Some of the
> employees who signed the agreement could not speak English."  The court in
> *Lynn's Food Stores* explained in that context that, "to approve an 'agreement'
> between an employer and employees outside of the adversarial context of a
> lawsuit brought by the employees would be in clear derogation of the letter and
> spirit of the FLSA."  Here, by contrast, Appellants were already benefitting from
> legal counsel before the Settlement Agreement was signed in November 2009.  In
> fact, Appellants knew about their rights under the FLSA and had retained
> attorneys at least by July 9, 2009, the date that Appellants' attorneys signed their
> first amended complaint, filed with the Superior Court of California for the
> County of Los Angeles, for, among other things, "overtime under the FLSA."
> The money Appellants received and accepted, pursuant to the Settlement
> Agreement, for settlement of their bona fide dispute did not occur outside the
> context of a lawsuit, hence the concerns that the Eleventh Circuit expressed in
> *Lynn's Food Stores* are not implicated.

*Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012) (citations

omitted).  Because there was "little danger of employees being disadvantaged by unequal

bargaining power" and there was a "bona fide dispute as to liability," the Fifth Circuit held that a

private FLSA settlement under these circumstances was binding and enforceable without court

approval.  *Id.* at 255-57.

The Eighth Circuit has not expressly adopted either approach.  The Eighth Circuit has

cited *Lynn's Food Stores* only once, at least in published opinions.  In *Copeland v. ABB, Inc.*,

521 F.3d 1010, 1014 (8th Cir. 2008), the Eighth Circuit discussed *Lynn's Food Stores* and its holding, but ultimately held that it did not apply.  In *Copeland*, the plaintiff-employee suffered a work-related injury and left work during her regular shift to attend a doctor's appointment to evaluate her injury.  Her employer offered to compensate her for her time away from work, but said it would deduct that time from her accrued paid leave benefits.  The plaintiff-employee opted instead to take an unpaid excused absence and was not compensated for her missed time. She filed suit under the FLSA for the time she missed from work.  Her employer argued that she waived her FLSA rights when she chose to take an unpaid excused absence for the time missed. The Eighth Circuit held that FLSA rights cannot be waived and the plaintiff-employee's actions did not constitute a waiver.  *Copeland* did not involve the same circumstances that were presented in *Martin* and are presented here and, thus, does not speak to the issue of whether court approval is required where represented parties settle FLSA claims in the midst of a pending lawsuit.

This Court has applied *Lynn's Food Stores*, at least prior to the decision in *Martin*.  *See Hollomon v. AT&T Mobility Servs., LLC*, 4:11-cv-00600 BRW, 2012 U.S. Dist. LEXIS 66158, at *1 n.1 (E.D. Ark. May 11, 2012); *Brown v. L & P Indus.*, No. 5:04CV0379 JLH, 2005 U.S. Dist. LEXIS 39920, at *23-24 (E.D. Ark. Dec. 21, 2005).  But in *Brown*, the question was whether the plaintiff's agreement to take furniture from her employer in satisfaction for unpaid overtime constituted a waiver of her FLSA claims.  The Court held that it did not because such a private agreement was ineffective, but the question was more like that posed by *Copeland* than that posed here and in *Martin*.

While this case is much closer to *Martin* than to *Lynn's Food Stores*, without clear direction as to which holding applies in the Eighth Circuit or in this Court, the Parties seek court approval out of an abundance of caution.

Here, the Parties agree and represent that the Agreements are the product of arm's length negotiations and constitutes a full and fair settlement of all claims raised by Plaintiffs in this matter and that could be raised by all Plaintiffs in this matter. They further agree that the Agreements' terms are fair, reasonable, and adequate and reasonably resolve a bona fide disagreement between the Parties. Because the Agreements are the product of arm's length negotiations, it should be presumed to be fair and reasonable. *Jones v. Casey's Gen. Stores, Inc.*, 266 F.R.D. 222, 230 (S.D. Iowa 2009) (citing *Manual for Complex Litigation* § 30.42 (3d ed. 1997)) (granting the parties' joint request to approve an FLSA class settlement). Moreover, the Court "should not substitute [its] own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Id.* (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999)). The Parties therefore request that their Agreements be approved.

## Confidentiality of Settlement Agreements

Although there is certainly a split in authority on the question of whether FLSA settlement agreements can receive court approval confidentially, federal courts routinely approve FLSA settlement agreements while maintaining the confidentiality of the settlement documents and terms. *See, e.g.*, *Abeyta v. CF&I Steel, L.P.*, No. 1:11-cv-00663-RBJ-CBS, 2012 U.S. Dist. LEXIS 126166 (D. Colo. Sept. 5, 2012) (approving class settlement of 750 individually-named and opt-in plaintiffs with written consents and authorizations filed under seal); *Almodova v. City & County of Honolulu*, No. 10-00355 LEK-RLP (D. Haw. July 24, 2012) (Doc. No. 70) (finding good cause to seal settlement agreement and individual settlement amounts in FLSA settlement with 143 plaintiffs); *Ganni v. AT&T Mobility Servs., LLC*, No. 11-cv-02063-MSK-KLM (D.

Colo. May 11, 2012) (Doc. No. 28) (finding parties' interest in privacy to be outweighed by presumption of public access and thus granting parties' unopposed motion to restrict public access to settlement documents); *Peacock v. Cypress Health Sys. Fla.*, No. 1:11-cv-257-GRJ (N.D. Fla. May 1, 2012) (Doc. No. 32) (granting motion to file settlement agreement under seal)[1]; *Castaneda v. Eco Cleaners, LLC*, No. 11-62566-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 58269 (S.D. Fla. Apr. 26, 2012) (reviewing confidential settlement agreement *in camera* and approving it under *Lynn's Food Stores*, although expressing doubt as to whether court approval was required because plaintiff represented that she was receiving "payment in full for all of her claims"); *Campbell v. Advantage Sales & Marketing LLC*, No. 1:09-cv-1430-LJM-MJD (S.D. Ind. Apr. 23-24, 2012) (approving settlement and dismissing FLSA collective action after review of settlement agreement filed under seal) (Doc. Nos. 210, 212); *In re Family Dollar FLSA Litig.*, MDL Docket No. 3:08-MD-1932, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (approving confidential settlement agreement after *in camera* review); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241c/w11-242, 2012 U.S. Dist. LEXIS 6391 (E.D. La. Jan. 18, 2012) (approving FLSA settlement agreement after *in camera* review); *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) (in approving an FLSA settlement agreement, holding that "[b]ecause the terms of the settlement agreement are confidential, it will be filed under seal"); *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666 W (WMC), 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. Mar. 3, 2009) (approving FLSA settlement after *in camera* review of agreement filed under seal); *Goudie v. Cable*

---

[1] The *Peacock* court separately approved the settlement agreement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," following *Lynn's Food Stores*. *Peacock v. Cypress Health Sys. Fla.*, No. 1:11-cv-257-GRJ, 2012 U.S. Dist. LEXIS 60540 (N.D. Fla. May 1, 2012).

*Communications, Inc.*, No. 08-507-AC, 2009 U.S. Dist. LEXIS 1907 (D. Or. Jan. 12, 2009) (approving a settlement agreement in an FLSA matter where the agreement was filed with the court under seal).  This includes courts in the Eighth Circuit.  *See, e.g., Bacon v. Dolgencorp, Inc.*, No. 8:10CV155, 2011 U.S. Dist. LEXIS 135739 (D. Neb. Nov. 23, 2011) (directing parties to file FLSA settlement agreements under seal); *Bacon v. Dolgencorp, Inc.*, No. 8:10CV155 (D. Neb. Nov. 30, 2011) (Doc. No. 65) (granting joint request to file settlement agreements under seal).  It also includes this Court.  *See Springs v. First Student, Inc.*, No. 4:11-CV-00240-BSM (E.D. Ark. Aug. 28, 2012) (Doc. No. 46) (granting parties' joint motion to dismiss after settlements were reached in an FLSA case, without any settlement agreement in the public record).

Courts that have required making FLSA settlement agreements public generally do so because of the belief that "FLSA cases are different" because settlements *must* be court approved in accordance with *Lynn's Food Stores.  See, e.g., Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2010 U.S. Dist. LEXIS 116635, at *4 (W.D.N.Y. Oct. 31, 2010).  They contend, for example, that FLSA settlement agreements are "unlike ordinary settlements" because of the "general public interest in the content of documents upon which a court's decision is based" and "the public-private character of employee rights under the FLSA."  *See, e.g., Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798 (JLL),10-2461 (JLL),09-6128 (JLL), 2012 U.S. Dist. LEXIS 11702, at *8 (D.N.J. Jan. 30, 2012).

These cases only beg the question, however.  Are FLSA settlements really different from ordinary settlements?  Are the rights being settled here truly of a "public-private character"?  The Fifth Circuit's decision in *Martin* answered these questions in the negative, at least where, as in this case, the plaintiffs understand their rights under the FLSA and are represented by counsel.

Moreover, the "public-private character" arises in part because of the FLSA's "recognition of . . . the unequal bargaining power as between employer and employee," *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945), yet there is no unequal bargaining power between employer and employee where, as in this case, the settlement was the product of arm's length negotiations between the parties' attorneys.

Here, the Parties agreed to keep the details of the settlement confidential. That requirement was a key component of the Parties' agreement to settle this matter. Furthermore, the Parties should have the right to keep their financial affairs out of the public view.

> It is difficult to imagine why the general public would have anything more than idle curiosity in the dollar value of a settlement of a court dispute or its terms of payment. These subjects have no relationship to a potential public hazard or matters of public health, and unless official conduct is at issue, matters of proper governance are not involved. Thus, there is simply no legitimate public interest to be served by disclosing this information.

Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 484-85 (1991) (footnote omitted). Moreover, "[f]rom the defendant's perspective, confidentiality ensures that the settlement amount will not be used to encourage the commencement of other lawsuits that never would have been brought or as unfair leverage to extract a similar payment in subsequent suits that may be meritless." *Id.* at 485.[2] Although the public has an interest in what happens in the court system, that interest is not as clear where, as here, the Plaintiffs were represented by capable counsel experienced in FLSA matters who ably negotiated on their behalf to reach a fair and reasonable settlement of their FLSA claims. As Professor Miller wrote, "public access may be important when one of the settling litigants is a

---

[2] In *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500 ALL CASES, 2011 U.S. Dist. LEXIS 94422 (E.D.N.C. Aug. 22, 2011), the court held that the presumption of public access was overcome by the parties' expectation of confidentiality as well as the impact on other cases pending against defendant. As detailed in prior pleadings of record in this case, Securitas too has faced other cases, so the same concerns apply here.

governmental agency, public entity, or official, when the settlement is a court-approved class settlement, or when there has been some other significant judicial participation in the process." *Id.* at 485-86.  Here, however, only individual claims are being settled.  Moreover, while the Parties have asked the Court to approve the settlement out of an abundance of caution, it is not clear that this constitutes "significant judicial participation in the process," particularly in light of the presumption that should be given to the fairness and reasonableness of the Parties' agreement, as negotiated by their counsel.  *See Jones*, 266 F.R.D. at 230 (citing *Petrovic*, 200 F.3d at 1148-49).

The justification for confidentiality is even more pronounced in this case because, as determined by the Court, the Parties agreed to submit their disputes to *private* arbitration.  Had this case not settled at this relatively early stage, the bulk of what would have occurred would have taken place outside of the public view.  *See Delaware Coalition for Open Gov't v. Strine*, No. 1:11-1015, 2012 U.S. Dist. LEXIS 123980, at *22-23 (D. Del. Aug. 30, 2012) (discussing that one "chief advantage of arbitration is the ability to resolve disputes without aspects often associated with the legal system" including "publicity of the dispute").

On balance, the interest in keeping the Agreements confidential outweighs any interest in public disclosure.  The Parties therefore request that the Court:  (1) keep the Agreements under seal; or (2) review the Agreements *in camera* and approve them without making them a matter of public record.

/s/ Josh Sanford
Josh Sanford (2001037)
Anne Milligan (2010263)
Sanford Law Firm, PLLC
One Financial Center
650 S. Shackleford, Suite 400
Little Rock, AR  72211
Telephone:  501.221.0088
Fax:  888.787.2040
josh@sanfordlawfirm.com
anne@sanfordlawfirm.com

Attorneys for Plaintiffs

/s/ Eva C. Madison
Eva C. Madison (98183)
Littler Mendelson, P.C.
3739 Steele Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone:  479.582.6100
Fax:  479.582.6111
emadison@littler.com

J. Kevin Lilly (admitted *pro hac vice*)
William J. Emanuel (admitted *pro hac vice*)
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax:  310.553.5583
klilly@littler.com
wemanuel@littler.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Josh Sanford – josh@sanfordlawfirm.com
Anne Milligan – anne@sanfordlawfirm.com
Vanessa Kinney – vanessa@sanfordlawfirm.com
Sanford Law Firm, PLLC
One Financial Center
650 S. Shackleford, Suite 400
Little Rock, AR  72211

/s/ Eva C. Madison

Firmwide:115506619.1 056919.1039